UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENISE FACUSSÉ,

   Plaintiff,

vs.            Case No.  3:07-cv-442-J-33MCR

MICHAEL ASTRUE, Commissioner of the
Social Security Administration,

   Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 15),

filed on August 3, 2007.  Plaintiff filed a response to Defendant's Motion to Dismiss

(Doc. 17) on August 31, 2007.  The district judge referred the Motion to Dismiss to the

undersigned for a report and recommendation.  Accordingly, the Motion to Dismiss is

ripe for review.

## I. <u>BACKGROUND</u>

Plaintiff filed a Complaint in the Circuit Court of the Fourth Judicial Circuit in and

for Duval County, Florida seeking $5,000 from Ms. LaNieta Carter, an employee of the

Social Security Administration ("SSA").  (Doc. 2).  Plaintiff, proceeding <u>pro se</u>, alleges

Ms. Carter wrongfully suspended her Supplemental Security Income ("SSI") payments

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a <u>de novo</u> determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  <u>See</u> 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

"due to lack of information on name, address, or bank account."  Id.  Plaintiff argues she

provided the SSA office with her updated information and completed all of the

necessary documentation and thus, Ms. Carter's actions suspending her SSI benefits in

April 2007 wrongfully deprived her of her SSI benefits and food stamp benefits.  Id.

Plaintiff also alleges Ms. Carter's actions caused her anxiety.  Id.

     Defendant removed this case to this Court on May 22, 2007.  (Doc. 1).  On June

19, 2007, Defendant contemporaneously filed a Motion for Substitution in which she

asked the Court to substitute the Commissioner of the SSA, Michael J. Astrue, as the

sole Defendant in this case.  (Doc. 7).  Defendant also moved to dismiss Plaintiff's

Complaint.  (Doc. 8).  On July 25, 2007, this Court granted Defendant's Motion for

Substitution, thereby making the Commissioner of the SSA, Michael J. Astrue, the sole

Defendant in this case.  (Doc. 12).

     On July 27, this Court dismissed Defendant's Motion to Dismiss as moot in light

of the order granting Defendant's Motion for Substitution.   (Doc. 13).  Defendant,

however, filed a second Motion to Dismiss, on August 3, 2007, arguing the Court lacks

subject matter jurisdiction over this case, pursuant to Rule 12(b)(1) of the Federal Rules

of Civil Procedure, as Plaintiff has not exhausted her administrative remedies.  (Doc.

15).  Defendant attached a Declaration of Thomas F. Valentin, Technical Expert and

Ms. Carter's supervisor, in support of its Motion to Dismiss.  (Doc. 15-2).  Plaintiff filed a

response to Defendant's Motion to Dismiss on August 31, 2007.  (Doc. 17).

## II. <u>STANDARD</u>

     A motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed.

R. Civ. P. 12(b)(1) requires a Court to determine if the Court has jurisdiction to hear the

case. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Plaintiff, as the party seeking relief under the power of Court, has the burden to establish this Court has jurisdiction. New Life Outreach Ministry Inc. v. Polk County, No. 8:06-cv-1547-T-27MAP, 2007 WL 2330854 *2 (M.D. Fla. Aug. 14, 2007) (quoting Beekwilder v. United States, 55 Fed. Cl. 54, 60 (Fed. Cl. 2002)). Generally, when a Court considers a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6), it must take the facts alleged in the Complaint as true and it cannot consider allegations outside the four corners of the Complaint without converting the motion into one for summary judgment. Lawrence, 919 F.2d at 1529. When, however, a motion to dismiss challenges the existence of subject matter jurisdiction in fact pursuant to Fed. R. Civ. P. 12(b)(1), as Defendant does here[2], the Court may consider affidavits and exhibits without converting the motion into one for summary judgment. Id.; see also Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp., No. 3:04cv1297J32TEM, 2005 WL 1863375, *2 n. 5 (M.D. Fla. Aug. 3 2005) (citing Vink v. Hendrikus Johannes Schijf Rolkan N.V., 839 F.2d 676, 677 (Fed. Cir. 1988). Here, Defendant has filed a Declaration of Mr. Valentin (Doc. 15-2) in support of its Motion. Because the Court finds Defendant raises a factual challenge to the Court's subject matter jurisdiction, the Court will consider Mr. Valentin's Declaration.

---

[2] While Defendant states "Plaintiff's contentions on the face of her pleading, which do not even allege that Plaintiff sought to exhaust her administrative remedies" requires dismissal, Defendant's also argue Plaintiff has filed a Declaration of a Social Security employee which states Plaintiff has not in fact exhausted her administrative remedies and thus, Defendant is arguing that Plaintiff's complaint cannot withstand a factual challenge. Therefore, it is proper for this Court to consider Defendant's Declaration in conjunction with its Motion to Dismiss. Lawrence, 919 F.2d at 1529 (distinguishing between facial and factual challenges on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)).

### III. ANALYSIS

Defendant argues Plaintiff's Complaint must be dismissed because this Court lacks subject matter jurisdiction for at least two reasons.  First, Defendant asserts Plaintiff's Complaint arises under the Social Security Act and thus, is governed by 42 U.S.C. §§405(g), 1383(c)(1).  (Doc. 15, p. 4).  Defendant points out, §1383(c)(3) states §405(g) provides the exclusive remedy for judicial review of a final decision of the Commissioner.  Id.  Next Defendant argues, §405(g) requires a final decision from the Commissioner before a claimant may seek judicial review of her claim.  Id. at 5. Defendant further argues that Plaintiff has failed to exhaust her administrative remedies and thus, her Complaint must be dismissed.  Id. at pp. 5-7; (Doc. 15-2).

Second, Defendant argues that insofar as Plaintiff's claims can be considered  as a claim for intentional tort, such claims are precluded under the Federal Torts Claims Act ("FTCA") because they are governed by 28 U.S.C. §405(h).  (Doc. 15, pp. 9-10). Alternatively, even if Plaintiff's claims may be asserted under the FTCA, Defendant argues Plaintiff's claims should still be dismissed for lack of subject matter jurisdiction because Plaintiff must show she first brought her administrative claim before the appropriate federal agency and Plaintiff has provided no evidence that she submitted her claim to the Administrative Tort Claims Branch of the SSA.  Id. at 10.

Plaintiff's response to Defendant's Motion to Dismiss fails to address any of Defendant's arguments as to why Plaintiff's Complaint should be dismissed.  (Doc. 17). Rather, Plaintiff merely responds she is an employee of the United States Government because she receives Medicaid payments.  Id.  Notably, Plaintiff never asserts that she either exhausted her administrative claims under the SSA or that she filed a tort claim

with the Administrative Torts Claims Branch.

The Court finds Plaintiff's claim is due to be **dismissed**.  Plaintiff's complaint

raises an issue concerning her SSI benefits.  The SSI program is a program

administered by the SSA for the purpose of providing a minimum level of income for

people who are age 65 or older, or who are blind or disabled and who do not have

sufficient income and resources to maintain a standard of living at the established

Federal minimum income level.  20 C.F.R. §§ 416.105, 416.110.  The Social Security

Regulations provide a process to seek administrative review for a claimant to determine

her rights under the Social Security Act.  20 C.F.R. § 416.1400.

The process consists of several steps which generally must be requested within

certain time periods.  Id. A claimant may not seek federal court review of an

administrative decision until a final decision has been made on the claim.  Id.  Moreover,

a final decision only occurs after there has been an initial determination, a decision on

reconsideration, a hearing before an administrative judge and decision made by the

administrative judge, and finally a request for Appeals Council review.  Id.

A determination to suspend SSI benefits, as was done in this case, is defined by

the Social Security Regulations as an administrative action which is an initial

determination.  20 C.F.R. § 416.1402 (b).   Thus, Plaintiff's allegations in her Complaint

demonstrate that the SSA made an initial determination on her claim.  Plaintiff had a

right to seek reconsideration of this action by following the procedures set forth in the

Social Security Regulations; however, she did not do so.  Importantly, Plaintiff has not

alleged that the SAA issued Plaintiff a final decision, nor has she provided this Court

with any evidence of such decision.  Indeed, Mr. Valentin, a technical expert with the

SSA, has declared under penalty of perjury that Plaintiff has not exhausted the administrative appeal process on any aspect of her case.  (Doc. 15-2).  Because a claimant under the SSA does not have a right to federal court review until she receives a final decision by the SSA, this Court does not have subject matter jurisdiction over Plaintiff's claim.

Defendant is correct that 42 U.S.C. §§ 405(g) and 1383(c)(3) provide the exclusive remedy for a claim arising under the Social Security Act.  Section 1383(c)(3) makes it clear that a "final determination of the Commissioner of Social Security" is "subject to review as provided in section 405(g) of this title."   And section 405(g) states a claimant may obtain judicial review by civil action, only after a final decision of the Commissioner of Social Security.  Finally, 42 U.S.C. § 405(h) instructs:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Thus, it is clear that a federal district court does not have subject matter jurisdiction over a claim arising under the Social Security Act unless a final decision has been made on the claim.   Because Plaintiff has not exhausted her administrative remedies on her claim, this Court lacks subject matter jurisdiction.

Defendant raises another reason why Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, i.e., insofar as Plaintiff's claim may be interpreted as a claim for intentional tort, the Social Security Act § 405(h)(2) precludes any claim under the Federal Torts claims Act (FTCA) for wrongful withholding of benefits.  (Doc.

15, pp. 9-10). Finally, Defendant argues, even if Plaintiff's claim could be construed as properly arising under the FTCA, the Court still does not have subject matter jurisdiction over Plaintiff's claim because Plaintiff has offered no evidence that she first presented her claim to the appropriate federal agency – the Administrative Tort Claims Branch of the SSA – as required by 28. U.S.C. § 2675(a).

The Court finds Defendant's arguments meritorious. Notably, several courts have found that a plaintiff may not assert a claim under the FTCA when the claim arises under the Social Security Act. See e.g., Jarrett v. United States, 874 F.2d 201, 203-05 (4th Cir. 1989); Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, 529-30 (9th Cir. 1988); Hronek v. Secretary, Dept. of Health, No. Civ.A.CCB-03-330, 2003 WL 24026306, *2-3 (D. Md. Jul. 7, 2003); McKenna v. Commissioner of Social Security, No. 97-6466, 1998 WL 466557, *2 (6th Cir. Jul. 31, 1998). Moreover, the United States Code clearly requires a claimant to assert a claim with the appropriate federal agency, before a Court can retain subject matter jurisdiction over such claim. 28. U.S.C. § 2675(a). More specifically, when a claim is made under the FTCA, the Social Security Regulations require the SSA to provide written notice of a denial of the claim along with notice of the claimant's right to sue in the United States District Court, 20 C.F.R. §§ 429.102, 429.106. Plaintiff has not provided this Court with a right to sue letter; nor has she alleged the SSA has provided written notice of denial of her claim under the FTCA. More importantly, however, is Defendant's Declaration which remains unchallenged and which certifies Plaintiff has failed to exhaust any of her administrative remedies. Thus, Plaintiff's claim must be dismissed.

After due consideration, it is

**RECOMMENDED**:

Defendant's Motion to Dismiss (Doc. 15) be **GRANTED.**


**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  11th  day of

September, 2007.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Virginia M. Hernandez Covington
    United States District Judge

Counsel of Record
Pro Se Plaintiff